GENERAL EXCHANGE INSURANCE CORPORATION, Appellant, v. ROSE KWESKIN et al., Respondents.— Appeal by plaintiff from two judgments, one entered by the defendant Kweskin in the Tompkins County Clerk's office on November 29, 1943, upon the verdict of a jury, and the other entered by the defendant Camillo on December 1, 1943, on motion at the conclusion of the testimony, dismissing the complaint, with costs. The action was instituted by plaintiff, as subrogee of Alfred Camillo, against the defendants Kweskin and Camillo for damages to the automobile of Camillo caused by Kweskin, or, in the alternative, for judgment against the defendant Camillo for such damages to be paid out of an amount received by Camillo from Kweskin in settlement. The accident happened on August 9, 1941. Camillo was driving easterly. A car owned and operated by one Van Gordon was proceeding westerly. Kweskin's truck entered the highway from the north and turned westerly. Although there was no collision between the Kweskin truck and either of the other cars, it was claimed that the truck caused the collision between the cars of Camillo and Van Gordon. The damage to Camillo's car was paid by the plaintiff, General Exchange Insurance Corporation, under a collision insurance policy. Camillo then brought suit against Kweskin for his personal injuries and that action was settled by the payment of $1,450 and the taking of a general release. The General Exchange Insurance Corporation then brought this action against both Kweskin and Camillo to recover the amount which it had paid to Camillo for damages to his car. The trial court submitted to the jury the question as to Kweskin's negligence and, upon a verdict in favor of Kweskin on this issue, directed judgment in favor of Camillo also, dismissing the complaint. The evidence sustains the finding of the jury that Kweskin was not negligent. Consequently the plaintiff cannot recover and both judgments must be affirmed. Judgments affirmed, with costs to each defendant against the plaintiff. All concur.